IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARC E. SMITH,                              :
                                            :
            Plaintiff                       :
                                            :
      v.                                    :      Civ. No. 12-227-LPS-SRF
                                            :
PERDUE FARMS INCORPORATED,                  :
                                            :
            Defendant                       :

## **MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Fallon issued a Report and Recommendation (the

"Report") (D.I. 55), dated April 11, 2014, recommending that Defendant Perdue Farms

Incorporated's ("Defendant") motion for summary judgment be granted with respect to Plaintiff

Marc E. Smith's ("Plaintiff") sexual harassment and retaliation claims under the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII") against Defendant (Counts I and II);

WHEREAS, the Report further recommended that Plaintiff's claim of hostile work

environment retaliation be rejected as a new theory of liability not appearing in the pleadings and

only first appearing in connection with Plaintiff's opposition to summary judgment;

WHEREAS, on April 17, 2014, Plaintiff filed objections to the Report (D.I. 56);

WHEREAS, on May 6, 2014, Defendant filed amended responses to the Plaintiff's

objections (D.I. 61);

WHEREAS, the Court has considered Defendant's motion for summary judgment (D.I.

42) *de novo*, as it presents case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3), and has further reviewed all of the pertinent filings;

WHEREAS, the Court has considered the Magistrate Judge's rejection of Plaintiff's

claim of retaliatory harassment for an abuse of discretion, as it presents a non-dispositive issue, *see Quantum Loyalty Sys. Inc. v. TPG Rewards Inc.*, 2012 WL 1134779, at *1 (D. Del. Apr. 4, 2012).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Accordingly, Plaintiff's Objections (D.I. 56) are OVERRULED, Judge Fallon's Report (D.I. 55) is ADOPTED, and Defendant's Motion for Summary Judgment (D.I. 42) is GRANTED.

2. Given the Court's adoption of the Report, and its agreement with the Report's detailed discussion of the record evidence (properly taken in the light most favorable to Plaintiff) and the law, it is unnecessary to address each point raised by Plaintiff in the Objections. Although the Court has considered each of Plaintiff's issues, it limits its comments here to those that merit discussion.

3. With respect to Plaintiff's claim of sexual harassment claim in violation of Title VII, Plaintiff must ultimately establish that: (1) he suffered intentional discrimination because of his sex; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) *respondeat superior* liability. *See Weston v. Pennsylvania*, 251 F.3d 420, 425-26 (3d Cir. 2001), *overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 3 (2006). Only the first two elements were disputed (D.I. 43 at 10-17) and the Magistrate Judge recommended summary judgment be granted based on Plaintiff's failure of proof on the first element, that he suffered intentional discrimination because of his sex (D.I. 55 at 9-15). The Court agrees with the Report.

2

Given Plaintiff's particular allegations of same-sex harassment, he must adduce sufficient evidence from which a reasonable factfinder could find that a harasser was homosexual. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998); *see also* D.I. 55 at 10 ("In the present matter, the parties dispute only whether Smith has produced sufficient evidence to show that the harassers sexually desired him."). The only evidence here to that effect is Plaintiff's deposition testimony, where he stated he believed the alleged harassers were homosexual based on their actions toward him. (D.I. 44, Ex. 1 at 218-20)[1] As the Magistrate Judge concluded, this evidence is at best "speculative" and "equivocal" (D.I. 55 at 10-11), and the record taken in the light most favorable does not create even a genuine dispute of material fact on this point on which Plaintiff carries the burden. *See Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 468 (6th Cir. 2012) ("A single speculative statement in a deposition cannot be the first link in the 'chain of inference' that *Oncale* recognizes may follow from the harasser's non-heterosexuality.") (quoting *Oncale*, 523 U.S. at 80); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks and citation omitted).

    4.    With respect to Plaintiff's retaliation claim, Plaintiff must make out a *prima facie* case that: (1) that he engaged in a protected activity; (2) the defendant took an adverse employment action after or contemporaneous with the protected activity; and (3) the protected activity and the adverse employment action were causally linked. *See Moore v. City of Phila.*,

---

[1] Each of the alleged harassers has submitted an affidavit attesting that he is neither homosexual nor sexually attracted to Plaintiff. (D.I. 44, Exs. 13, 16-19)

461 F.3d 331, 340-41 (3d Cir. 2006). If Plaintiff establishes a *prima facie* case of retaliation, Defendants must "articulate some legitimate, nondiscriminatory reason" for terminating the plaintiff. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 n.2 (3d Cir. 1997). If Defendants do so, the burden then shifts back to Plaintiff to establish that there is sufficient evidence for a reasonable factfinder to "(1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determining cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Proving a retaliation case requires but-for causation, that is, "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions by the employer." *Univ. of Tex. S. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Plaintiff alleged that his termination was retaliation for his sexual harassment complaint against Broderick. Defendants proffered a legitimate, nondiscriminatory reason for Plaintiff's termination, which was that he left the plant without permission. Plaintiff admits that he left work early without permission (D.I. 44, Ex. 1 at 197) and further admits this is a terminable offense (*id.* at 206). His dispute as to some of the particulars of his abandonment of the worksite (e.g., whether he shut the machines down before leaving) does not create a genuine dispute of material fact, as it does not undermine the evidence that Defendant had a legitimate, non-retaliatory reason for his dismissal; moreover, there is not sufficient evidence from which a reasonable factfinder could disbelieve Defendant's articulated reasons or believe that retaliation was the cause of his termination. *See Fuentes*, 32 F.3d at 764. The Court agrees with the Report that Plaintiff cannot show that there was a causal connection between protected activity and the adverse employment action.

4

5.      Finally, with respect to Plaintiff's hostile work environment retaliation claim, the

Magistrate Judge did not abuse her discretion in refusing to allow Plaintiff to add a claim he only

first raised in connection with summary judgment briefing. (*See generally* D.I. 56 at 5

(acknowledging that "Plaintiff did not specifically state in his Complaint that the harassment he

experienced also constituted retaliation")) Allowing Plaintiff to include a new claim of

retaliatory harassment in opposition to the motion for summary judgment would have been

prejudicial to Defendants, who had not obtained discovery about this claim. *See Bjorgung v.

Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). "District Courts have broad discretion to

disallow the addition of new theories of liability at the eleventh hour." *Carr v. Gillis Associated

Indus., Inc.*, 227 F. App'x 172, 176 (3d Cir. Apr. 16, 2007). The Magistrate Judge was correct to

recognize Plaintiff's hostile work environment retaliation claim as a new theory of liability, and

did not abuse her discretion in barring Plaintiff from raising his claim.

The Clerk of Court is directed to CLOSE this case.

September 30, 2014
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE

5